# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                            Case No. 07-CR-96

RODNEY C. SMITH, BILLY CANNON,
DECORLIS GRIFFITH, and SARITA MULL,

       Defendants.

## ORDER

On April 17, 2007, a federal grand jury sitting in this district returned a 12-count indictment against defendants Rodney C. Smith, Billy Cannon, Decorlis Griffith and Sarita Mull. The defendants are charged in Count One with conspiring to defraud the United States by obtaining, and aiding others to obtain, payment for false and fictitious claims, specifically by claiming false federal income tax refunds, in violation of 18 U.S.C. § 286. The defendants also are charged with preparing and filing, and causing to be prepared and filed, federal income tax returns for specific individuals, in violation of 18 U.S.C. §§ 287 and 2.

On May 10, 2007, defendant Smith (defendant) appeared before United States Magistrate Judge Aaron E. Goodstein for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed the following motions: 1) motion for release of Brady materials (Docket #25); 2) motion for disclosure of mail cover (Docket #26); 3) motion to disclose evidence pursuant to 12(b)(4) (Docket #27); 4) motion to require preservation of original notes (Docket #28); and 5) motion to disclose pen register (Docket #29).

At the outset, this court notes the defendant's motions are not accompanied by a statement mandated by Criminal Local Rule 16.1(a) (E.D. Wis.). Criminal Local Rule 16.1(a) states in relevant part:

> If the government is following the open file policy, the government need not respond to and the Court must not hear any motion for discovery under Fed.R.Crim.P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (I) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

Motions that fail to meet the requirements of such rule are summarily dismissed, although they may be re-filed if a party shows compliance with the rules or satisfactorily explains the previous failure to comply. See United States v. Molinaro, 683 F. Supp. 205, 209 (E.D. Wis. 1988).

Furthermore, at the arraignment, the government indicated that it was following its "open file" discovery policy in this case. The "open file" contains all material discoverable pursuant to Fed. R. Crim. P. 16, as well as exculpatory material discoverable pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Thus, most, if not all, of the information the defendant seeks is included within the parameters of the government's "open file" policy and will be provided to the defendant. Although the defendant's motion to require the government to preserve and retain agents' original might be considered a discovery motion subject to the provisions of Criminal L. R. 16(a), in an abundance of caution, the government will be required to file a response to this motion. All of the defendant's other motions will be denied. See Criminal L. R. 16(a).

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendant Rodney C. Smith's motion for release of Brady materials is **denied**.  (Docket #25).

**IT IS FURTHER ORDERED** that defendant Rodney C. Smith's motion for disclosure of mail cover is **denied**.  (Docket #26).

**IT IS FURTHER ORDERED** that defendant Rodney C. Smith's motion to disclose evidence pursuant to Federal Rules of Criminal Procedure 12(b)(4) is **denied**.  (Docket #27).

**IT IS FURTHER ORDERED** that defendant Rodney C. Smith's motion to disclose pen register is **denied**.  (Docket #29).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order.  Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge